# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN L. PULLEY<br>3813 S. 7th Street<br>Arlington, VA 22204,<br><br>       Plaintiff,<br><br>v.<br><br>THE CHRONICLE OF HIGHER EDUCATION<br>1255 Twenty-Third Street, N.W.<br>Washington, DC 20037,<br><br>       Defendant. | CASE NUMBER   1:06CV01416<br><br>JUDGE:  Rosemary M. Collyer<br><br>DECK TYPE:  Employment Discrimination<br><br>DATE STAMP: 08/09/2006 |

## COMPLAINT AND JURY DEMAND

Plaintiff John L. Pulley, by counsel, alleges the following:

### JURISDICTION AND VENUE

1. Federal question jurisdiction is conferred on the Court by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a), and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2617(a). In addition, the Court has jurisdiction under 28 U.S.C. § 1332 in light of the parties' diverse citizenship and the more than $75,000 in controversy. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

2. Venue properly lies in this district in which the wrongful acts occurred and in which Defendant resides.

**PARTIES**

3. Plaintiff John L. Pulley, who resides in the Commonwealth of Virginia, seeks relief under federal and state law for an illegal termination of his employment by Defendant, The Chronicle Of Higher Education ("Chronicle"), on January 26, 2006.

4. Defendant, an unincorporated association employing approximately 200 employees and headquartered in Washington, D.C., is engaged in the business of publishing news, information and job listings for college and university faculty members and administrators.

**COMMON ALLEGATIONS**

5. Plaintiff began his employment with the Chronicle in May, 1999 as a reporter. Throughout his employment, he received generally favorable performance evaluations in addition to periodic merit increases. On two occasions, he was promoted to more responsible positions at the Chronicle, including senior reporter and editor. At the time of his termination, his immediate supervisor was Jennifer Ruark.

6. At relevant times, Plaintiff was covered by the Chronicle's self-insured short-term disability ("STD") leave policy, which provides employees paid leave of varying length depending upon seniority. With nearly seven years' service, Plaintiff was entitled to 80 days of paid leave. Upon expiration of paid leave under the STD policy, he would have been eligible to receive long-term disability benefits under an insurance policy administered by UNUM.

7. In 2003, Plaintiff was diagnosed with a serious, potentially life-threatening liver condition (hepatitis "c"). For approximately two and a half years, Plaintiff was asymptomatic, and his physicians initially recommended careful monitoring, rather than active treatment. In December, 2005, however, his physicians advised Plaintiff to undergo combination-drug therapy,

which would potentially be accompanied by significant side effects. The treatment was anticipated to last up to 48 weeks.

8. In late December, 2005 or early January, 2006, Plaintiff advised Human Resources ("HR") that he suffered from a chronic liver disease, the treatment for which would require significant disability leave. HR instructed Plaintiff to so advise his supervisor, Jennifer Ruark.

9. In early January, 2006, Plaintiff advised Ms. Ruark of his serious health condition and his need for at least intermittent leave over the next several months to undergo treatment. Ms. Ruark asked Plaintiff also to inform editor Jeff Selingo, which he (Plaintiff) did. Ms. Ruark then inquired whether Plaintiff's anticipated medical or disability leave would be "paid."

10. On January 19, 2006, Plaintiff advised Ms. Ruark that the cleaning crew had disposed of boxes in his office, which contained notes for a cover story on which he was working. Ms. Ruark responded angrily, criticizing Plaintiff's alleged negligence, and then abruptly terminated the conversation.

11. On January 26, 2006, the Chronicle terminated Plaintiff's employment. In attempting to justify the discharge decision on nondiscriminatory grounds, the Chronicle seized upon the January 19 incident (¶ 10, above) without bothering to obtain Plaintiff's version of the incident.

12. In fact, the discharge decision was motivated by illegal considerations, including a desire to deny Plaintiff benefits to which he otherwise would have been entitled under Defendant's short-term disability leave policy and a purpose to interfere with his statutory rights to reasonable accommodation of a known disability and/or time off to deal with his serious health condition.

## COUNT I

### (Retaliatory Discharge in Violation of § 510 of ERISA)

13. Plaintiff incorporates ¶¶ 1-12.

14. Defendant Chronicle was at relevant times Plaintiff's "employer," as defined by ERISA, 29 U.S.C. § 1002(5).

15. At relevant times, Plaintiff was an "employee" of Defendant Chronicle and a "participant" in its disability plans, covered by ERISA, 29 U.S.C. §§ 1002(3), (6), (7) and 1132(a).

16. Plaintiff engaged in statutorily protected activity by seeking to assert his rights under ERISA-regulated disability plans.

17. Plaintiff's protected activity was a motivating factor in the Chronicle's decision to terminate his employment.

18. Plaintiff was terminated in retaliation for exercising his ERISA rights, in violation of § 510 of ERISA, 29 U.S.C. § 1140.

19. As a direct and proximate cause of the Chronicle's retaliatory discharge, Plaintiff has suffered and continues to suffer lost wages, past, present and future, and forfeiture of employee benefits.

WHEREFORE, Plaintiff requests that this Court enter judgment against the Chronicle and award him back pay and front pay; restitution of forfeited employee benefits; other appropriate legal and equitable relief, including reinstatement; and reasonable attorneys' fees and costs incurred in prosecuting this action.

## COUNT II

### (Family and Medical Leave Act)

20. Plaintiff incorporates ¶¶ 1-19.

21. Defendant Chronicle employed more than 50 employees at relevant times and was Plaintiff's "employer" as defined by 29 U.S.C. § 2611(4)(A).

22. Plaintiff was an "eligible employee" of the Chronicle, as defined by 29 U.S.C. § 2611(2)(A).

23. At relevant times, Plaintiff suffered, and continues to suffer, from a "serious health condition," as defined by 29 U.S.C. § 2611(11)(B).

24. Plaintiff was an eligible employee at relevant times entitled to leave under 29 U.S.C. § 2612(a)(1)(D) and § 2612(b)(1).

25. In January, 2006, Plaintiff attempted to exercise his rights under the FMLA by requesting leave in accordance with 29 U.S.C. § 2612(A).

26. Plaintiff's protected activity in requesting leave was a motivating factor in the Chronicle's decision to terminate his employment.

27. Plaintiff was terminated in retaliation for exercising his FMLA rights, in violation of 29 U.S.C. § 2615(a)(1).

28. As a direct and proximate cause of the Chronicle's retaliatory discharge, Plaintiff has suffered and continues to suffer lost wages, past, present and future, and forfeiture of employment benefits.

WHEREFORE, Plaintiff requests that this Court enter judgment against the Chronicle and award him back pay and front pay; restitution of forfeited employment benefits; liquidated damages as provided by 29 U.S.C. § 2617(a); wage/benefit claims; other appropriate legal and

equitable relief, including, but not limited to, reinstatement; and reasonable attorneys' fees and costs incurred in prosecuting this action.

## COUNT III

### (District of Columbia's Family and Medical Leave Act)

29.   Plaintiff incorporates ¶¶ 1-28.

30.   Defendant Chronicle employed more than twenty (20) employees at relevant times and was Plaintiff's "employer," as defined by D.C. Code § 32-501(2).

31.   Plaintiff was an eligible employee of the Chronicle, as defined by D.C. Code § 32-501(1).

32.   At relevant times, Plaintiff suffered, and continues to suffer, from a "serious health condition," as defined by D.C. Code § 32-501(9).

33.   Plaintiff was an eligible employee at relevant times entitled to leave under D.C. Code § 32-503.

34.   In January, 2006, Plaintiff attempted to exercise his rights under the District of Columbia's Family and Medical Leave Act by requesting medical leave to deal with a serious health condition.

35.   Plaintiff's protected activity in requesting leave was a motivating factor in the Chronicle's decision to terminate his employment.

36.   Plaintiff was terminated in retaliation for exercising his FMLA rights, in violation of D.C. Code § 32.507.

37.   As a direct and proximate cause of the Chronicle's retaliatory discharge, Plaintiff has suffered and continues to suffer lost wages, past, present and future, and forfeiture of employment benefits.

WHEREFORE, Plaintiff requests that this Court enter judgment against the Chronicle and award him back pay and front pay; restitution of forfeited employment benefits; consequential damages as provided by D.C. Code § 32-509; other appropriate legal and equitable relief, including, but not limited to, reinstatement; and reasonable attorneys' fees and costs incurred in prosecuting this action.

## COUNT IV

### (District of Columbia Human Rights Act)

38. Plaintiff incorporates ¶¶ 1-37.

39. At relevant times, Defendant Chronicle was Plaintiff's "employer," as defined by D.C. Code § 2-1401.02(10).

40. At relevant times, Plaintiff suffered from "a disability," as defined by D.C. Code § 2-1401.02(5A).

41. In January, 2006, Plaintiff attempted to exercise his rights under the DCHRA by requesting a reasonable accommodation of a known disability.

42. Plaintiff's protected activity in requesting a reasonable accommodation was a motivating factor in the Chronicle's decision to terminate his employment.

43. Plaintiff was terminated in retaliation for exercising his rights under the DCHRA, in violation of D.C. Code § 2-1402.61.

WHEREFORE, Plaintiff requests that this Court enter judgment against the Chronicle and award him appropriate compensatory and punitive damages; back pay and front pay; restitution of forfeited employment benefits; other appropriate legal and equitable relief,

including, but not limited to, reinstatement; and reasonable attorneys' fees and costs incurred in prosecuting this action.

Respectfully submitted,

**CONNOLLY, RODGERS & SCHARMAN, LLC**

By _William J. Rodgers (/hk)_
William J. Rodgers
5028 Wisconsin Avenue, N.W.
Suite 300
Washington, DC 20016
(202) 537-6789
D.C. Bar # 198820

**LAW OFFICES OF STEVEN C. KAHN**

By _[signature]_
Steven C. Kahn
5028 Wisconsin Avenue, N.W.
Suite 300
Washington, DC 20016
(202) 537-6789
D.C. Bar # 330431

Attorneys for Plaintiff
John L. Pulley

Dated: August 9, 2006

### JURY DEMAND

Plaintiff hereby demands a trial by jury on the causes of action for which a jury trial is available.

_William J. Rodgers (/hk)_
William J. Rodgers

_[signature]_
Steven C. Kahn