# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOHN L. PULLEY,                   *

      Plaintiff,             *

v.                         *      Case No.  1:06cv01416

THE CHRONICLE OF HIGHER    *      Judge: Rosemary M. Collyer
  EDUCATION,
                            *

      Defendant.           *

         *     *     *     *     *     *     *     *     *

## ANSWER TO COMPLAINT

Defendant, The Chronicle of Higher Education (the "Chronicle"), by and through its undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, hereby submits this Answer to Plaintiff's Complaint.

Each paragraph below is a response to the allegations in each of the paragraphs in Plaintiff's Complaint.

1.     This paragraph contains no factual allegations to admit or deny, but rather states conclusions of law to which no response is required under the Federal Rules of Civil Procedure..

2.     This paragraph contains no factual allegations to admit or deny, but rather states conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

3.      Defendant is without sufficient knowledge to admit or deny the allegations in this paragraph.

4.      Defendant admits that it is headquartered in Washington, D.C., is engaged in the business of publishing information relating to higher education, and employs approximately 200 employees.  Defendant denies the remaining allegations in this paragraph.

5.      Defendant admits that Plaintiff began his employment with the Chronicle in May 1999 as a reporter.  Defendant further admits that Plaintiff was promoted to the positions of Senior Reporter and Senior Editor, that his immediate Supervisor at the time of his termination was Jennifer Ruark, and that he received salary increases.  Defendant denies the remaining allegations in paragraph 5 of the complaint.

6.      Defendant admits that Plaintiff was covered by the Chronicle's medical-disability leave policy, which provides for full salary for up to 90 days for employees who have worked at the Chronicle for more than six years.  Defendant further admits that employees of the Chronicle may be eligible for coverage under a long term disability insurance policy, provided they meet the eligibility requirements for coverage under the policy.  Defendant denies the remaining allegations in this paragraph.

7.      Defendant is without sufficient knowledge to admit or deny the allegations in this paragraph.

8.      Defendant denies the allegations in paragraph 8 of the Complaint.

9.      Defendant admits that, in January 2006, Plaintiff advised Jennifer Ruark that he had a medical condition, but denies that Plaintiff made Ms. Ruark aware of the nature of the condition.  Defendant further admits that Ms. Ruark suggested that Plaintiff tell Jeff Selingo that he may need time off from work so that Mr. Selingo could make arrangements to cover Plaintiff's assignments.  Defendant denies the remaining allegations in paragraph 9 of the Complaint.

10.     Defendant admits that, on or about January 19, 2006, Plaintiff advised Jennifer Ruark that a crate full of notes for a story on which he was working had disappeared.  Defendant denies the remaining allegations in paragraph 10 of the Complaint.

11.     Defendant admits that the Chronicle terminated the Plaintiff's employment on or about January 26, 2006.  Defendant denies the remaining allegations in paragraph 11 of the Complaint.

12.     Defendant denies the allegations in paragraph 12 of the Complaint.

13.     Defendant incorporates by reference the answers of paragraphs 1 through 12 as if fully set forth herein.

14.     This paragraph contains no factual allegations to admit or deny, but rather states conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

15.     This paragraph contains no factual allegations to admit or deny, but rather states conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

16.     This paragraph contains no factual allegations to admit or deny, but rather states conclusions of law to which no response is required under the Federal Rules of Civil Procedure..

17.     Defendant denies the allegations in paragraph 17 of the Complaint.

18.     Defendant denies the allegations in paragraph 18 of the Complaint.

19.     Defendant denies the allegations in paragraph 19 of the Complaint.

20.     Defendant incorporates by reference the answers of paragraphs 1 through 19 as if fully set forth herein.

21.     This paragraph contains no factual allegations to admit or deny, but rather states conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

22.     This paragraph contains no factual allegations to admit or deny, but rather states conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

23.     This paragraph contains no factual allegations to admit or deny, but rather states conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

24.     This paragraph contains no factual allegations to admit or deny, but rather states conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

25.     This paragraph contains no factual allegations to admit or deny, but rather states conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

26.     Defendant denies the allegations in paragraph 26 of the Complaint.

27.     Defendant denies the allegations in paragraph 27 of the Complaint.

28.     Defendant denies the allegations in paragraph 28 of the Complaint.

29.     Defendant incorporates by reference the answers of paragraphs 1 through 28 as if fully set forth herein.

30.     This paragraph contains no factual allegations to admit or deny, but rather states conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

31.     This paragraph contains no factual allegations to admit or deny, but rather states conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

32.     This paragraph contains no factual allegations to admit or deny, but rather states conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

33.     This paragraph contains no factual allegations to admit or deny, but rather states conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

34.     This paragraph contains no factual allegations to admit or deny, but rather states conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

35.     Defendant denies the allegations in paragraph 35 of the Complaint.

36.     Defendant denies the allegations in paragraph 36 of the Complaint.

37.     Defendant denies the allegations in paragraph 37 of the Complaint.

38.     Defendant incorporates by reference the answers of paragraphs 1 through 37 as if fully set forth herein.

39.     This paragraph contains no factual allegations to admit or deny, but rather states conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

40.     This paragraph contains no factual allegations to admit or deny, but rather states conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

41.     This paragraph contains no factual allegations to admit or deny, but rather states conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

42.    Defendant denies the allegations in paragraph 42 of the Complaint.

43.    Defendant denies the allegations in paragraph 43 of the Complaint.

Defendant denies that Plaintiff is entitled to any of the damages prayed for in the damage addendum of the Complaint.

## AFFIRMATIVE DEFENSES

1.    The Complaint fails to state a cause of action upon which relief can be granted.

2.    Some or all of Plaintiff's claims are barred by the applicable statute or statutes of limitations.

3.    Plaintiff is not entitled, on the law or the facts, to the damages claimed.

4.    Some or all of Plaintiff's claims are barred by the doctrine(s) of release, estoppel, waiver and/or laches.

7.    Plaintiff has failed to mitigate his damages.

8.    Some or all of Plaintiff's claims are barred because he has failed to exhaust his administrative remedies, as required by ERISA.

9.    At all material times, Plaintiff did not have a "disability," as that term is defined in the District of Columbia Human Rights Act.

10.    Defendant made the reasonable accommodations necessitated by any known disabilities of Plaintiff.

11.     Any accommodations which were denied to Plaintiff were not reasonable, as that term is defined in the District of Columbia Human Rights Act.

12.     Plaintiff failed to communicate to Defendant sufficient information about his alleged disability so as to generate a duty to accommodate.

13.     The accommodations requested by Plaintiff would impose an "undue hardship" upon Defendant, as this term is defined in the District of Columbia Human Rights Act.

14.     Plaintiff does not have a "serious health condition," as defined by the federal Family and Medical Leave Act or the D.C. Family and Medical Leave Act.

15.     Plaintiff is not entitled to liquidated damages under the federal or D.C. Family and Medical Leave Act because Defendant acted in good faith and with reasonable grounds for believing that it did not violate the Act.

16.     Defendant's alleged violations of the federal and/or D.C.Family and Medical Leave Act were not "willful."

17.     Defendant did not act with malice or reckless indifference to Plaintiff's rights.

18.     Plaintiff's claims are not actionable because the challenged employment decisions are justified by legitimate, nondiscriminatory, and non-pretextual business reasons.

19.     Plaintiff is not entitled to some or all of the relief sought because Defendant would have taken the same action in the absence of any impermissible motivating factor or factors.

Defendant reserves the right to add additional defenses as they may become apparent during the course of this action.

WHEREFORE, having fully responded to the Complaint, Defendant respectfully requests that the Court dismiss Plaintiff's claims with prejudice, award Defendant its costs and reasonable attorneys' fees incurred in this lawsuit, and allow Defendant such other and further relief as this Court deems just and proper.

Respectfully submitted,

_____-s-_____
Eric Paltell
Bar No. 445285
Kollman & Saucier, P.A.
Sun Life Building, 8th Floor
20 S. Charles Street
Baltimore, Maryland 21201
(410) 727-4300

Attorneys for Defendant
The Chronicle of Higher Education

-9-