## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHN L. PULLEY, | * | |
| Plaintiff, | * | |
| v. | * | Case No. 1:06cv01416 |
| THE CHRONICLE OF HIGHER EDUCATION, | * | Judge: Rosemary M. Collyer |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \*

## **AMENDED ANSWER AND COUNTERCLAIMS**

Defendant, The Chronicle of Higher Education (the "Chronicle"), by and through its undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, hereby submits this Amended Answer to Plaintiff's Complaint, which includes the Counterclaims set forth below.

Each paragraph below is a response to the allegations in each of the paragraphs in Plaintiff's Complaint.

1. This paragraph contains no factual allegations to admit or deny, but rather states conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

2. This paragraph contains no factual allegations to admit or deny, but rather states conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

3. Defendant is without sufficient knowledge to admit or deny the allegations in this paragraph.

4. Defendant admits that it is headquartered in Washington, D.C., is engaged in the business of publishing information relating to higher education, and employs approximately 200 employees. Defendant denies the remaining allegations in this paragraph.

5. Defendant admits that Plaintiff began his employment with the Chronicle in May 1999 as a reporter. Defendant further admits that Plaintiff was promoted to the positions of Senior Reporter and Senior Editor, that his immediate Supervisor at the time of his termination was Jennifer Ruark, and that he received salary increases. Defendant denies the remaining allegations in paragraph 5 of the complaint.

6. Defendant admits that Plaintiff was covered by the Chronicle's medical-disability leave policy, which provides for full salary for up to 90 days for employees who have worked at the Chronicle for more than six years. Defendant further admits that employees of the Chronicle may be eligible for coverage under a long term disability insurance policy, provided they meet the eligibility requirements for coverage under the policy. Defendant denies the remaining allegations in this paragraph.

7. Defendant is without sufficient knowledge to admit or deny the allegations in this paragraph.

8. Defendant denies the allegations in paragraph 8 of the Complaint.

9. Defendant admits that, in January 2006, Plaintiff advised Jennifer Ruark that he had a medical condition, but denies that Plaintiff made Ms. Ruark aware of the nature of the condition. Defendant further admits that Ms. Ruark suggested that Plaintiff tell Jeff Selingo that he may need time off from work so that Mr. Selingo could make arrangements to cover Plaintiff's assignments. Defendant denies the remaining allegations in paragraph 9 of the Complaint.

10. Defendant admits that, on or about January 19, 2006, Plaintiff advised Jennifer Ruark that a crate full of notes for a story on which he was working had disappeared. Defendant denies the remaining allegations in paragraph 10 of the Complaint.

11. Defendant admits that the Chronicle terminated the Plaintiff's employment on or about January 26, 2006. Defendant denies the remaining allegations in paragraph 11 of the Complaint.

12. Defendant denies the allegations in paragraph 12 of the Complaint.

13. Defendant incorporates by reference the answers of paragraphs 1 through 12 as if fully set forth herein.

14. This paragraph contains no factual allegations to admit or deny, but rather states conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

15. This paragraph contains no factual allegations to admit or deny, but rather states conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

16. This paragraph contains no factual allegations to admit or deny, but rather states conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

17. Defendant denies the allegations in paragraph 17 of the Complaint.

18. Defendant denies the allegations in paragraph 18 of the Complaint.

19. Defendant denies the allegations in paragraph 19 of the Complaint.

20. Defendant incorporates by reference the answers of paragraphs 1 through 19 as if fully set forth herein.

21. This paragraph contains no factual allegations to admit or deny, but rather states conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

22. This paragraph contains no factual allegations to admit or deny, but rather states conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

23. This paragraph contains no factual allegations to admit or deny, but rather states conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

24. This paragraph contains no factual allegations to admit or deny, but rather states conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

25. This paragraph contains no factual allegations to admit or deny, but rather states conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

26. Defendant denies the allegations in paragraph 26 of the Complaint.

27. Defendant denies the allegations in paragraph 27 of the Complaint.

28. Defendant denies the allegations in paragraph 28 of the Complaint.

29. Defendant incorporates by reference the answers of paragraphs 1 through 28 as if fully set forth herein.

30. This paragraph contains no factual allegations to admit or deny, but rather states conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

31. This paragraph contains no factual allegations to admit or deny, but rather states conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

32. This paragraph contains no factual allegations to admit or deny, but rather states conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

33. This paragraph contains no factual allegations to admit or deny, but rather states conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

34. This paragraph contains no factual allegations to admit or deny, but rather states conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

35. Defendant denies the allegations in paragraph 35 of the Complaint.

36. Defendant denies the allegations in paragraph 36 of the Complaint.

37. Defendant denies the allegations in paragraph 37 of the Complaint.

38. Defendant incorporates by reference the answers of paragraphs 1 through 37 as if fully set forth herein.

39. This paragraph contains no factual allegations to admit or deny, but rather states conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

40. This paragraph contains no factual allegations to admit or deny, but rather states conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

41. This paragraph contains no factual allegations to admit or deny, but rather states conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

42. Defendant denies the allegations in paragraph 42 of the Complaint.

43. Defendant denies the allegations in paragraph 43 of the Complaint.

Defendant denies that Plaintiff is entitled to any of the damages prayed for in the damage addendum of the Complaint.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a cause of action upon which relief can be granted.

2. Some or all of Plaintiff's claims are barred by the applicable statute or statutes of limitations.

3. Plaintiff is not entitled, on the law or the facts, to the damages claimed.

4. Some or all of Plaintiff's claims are barred by the doctrine(s) of release, estoppel, waiver and/or laches.

7. Plaintiff has failed to mitigate his damages.

8. Some or all of Plaintiff's claims are barred because he has failed to exhaust his administrative remedies, as required by ERISA.

9. At all material times, Plaintiff did not have a "disability," as that term is defined in the District of Columbia Human Rights Act.

10. Defendant made the reasonable accommodations necessitated by any known disabilities of Plaintiff.

11. Any accommodations which were denied to Plaintiff were not reasonable, as that term is defined in the District of Columbia Human Rights Act.

12. Plaintiff failed to communicate to Defendant sufficient information about his alleged disability so as to generate a duty to accommodate.

13. The accommodations requested by Plaintiff would impose an "undue hardship" upon Defendant, as this term is defined in the District of Columbia Human Rights Act.

14. Plaintiff does not have a "serious health condition," as defined by the federal Family and Medical Leave Act or the D.C. Family and Medical Leave Act.

15. Plaintiff is not entitled to liquidated damages under the federal or D.C. Family and Medical Leave Act because Defendant acted in good faith and with reasonable grounds for believing that it did not violate the Act.

16. Defendant's alleged violations of the federal and/or D.C. Family and Medical Leave Act were not "willful."

17. Defendant did not act with malice or reckless indifference to Plaintiff's rights.

18. Plaintiff's claims are not actionable because the challenged employment decisions are justified by legitimate, nondiscriminatory, and non-pretextual business reasons.

19. Plaintiff is not entitled to some or all of the relief sought because Defendant would have taken the same action in the absence of any impermissible motivating factor or factors.

Defendant reserves the right to add additional defenses as they may become apparent during the course of this action.

## COUNTERCLAIMS

Now comes the Defendant, The Chronicle of Higher Education ("Chronicle"), by and through its undersigned attorneys, and pursuant to Fed. R. Civ. P. 13(a) and (e) and Fed. R. Civ. P. 15, and hereby files these Counterclaims against Plaintiff/Counter-Defendant, John Pulley ("Pulley"), and states:

## JURISDICTION

1. The Chronicle has brought these compulsory Counterclaims pursuant to Fed. R. Civ. P. 13(a) and (e), and Fed. R. Civ. P. 15. As such, this Court has supplemental or ancillary jurisdiction over these Counterclaims pursuant to 28 U.S.C. § 1367.

## FACTUAL BACKGROUND

2. On or about January 25, 2006, the Chronicle terminated the employment of Plaintiff/Counter-Defendant Pulley. In connection with the termination decision, the Chronicle offered to continue Pulley's salary for a period of 26 weeks.

3. After discussions with Mr. Pulley and his counsel, the Chronicle revised its severance offer by increasing the amount of severance pay offered to Mr. Pulley to 30 weeks. This offer was communicated to Mr. Pulley in a letter dated February 23, 2006.

4. On February 24, 2006, Mr. Pulley signed the severance offer contained in the February 23, 2006 letter. A copy of the letter agreement by Mr. Pulley ("Agreement") is attached to the Counterclaim as Exhibit 1.

5. Under the terms of the February 24, 2006 Agreement, Mr. Pulley agreed as follows:

> "In the event you do revoke this Agreement, you shall be required to repay to the Chronicle the compensation paid to you for the pay period covering February 16 through February 28, 2006."

6. In reliance upon Mr. Pulley's promise to repay his salary, The Chronicle paid to Mr. Pulley the sum of $3,395.83 for the pay period for February 16, 2006 to February 28, 2006.

7. On March 2, 2006, Mr. Pulley revoked his acceptance of the Agreement. A copy of the letter revoking Mr. Pulley's acceptance is attached to the Counterclaim as Exhibit 2.

8. On September 14, 2006, the Chronicle made demand for repayment of the sum of $3,395.83. The demand instructed Mr. Pulley to make payment to the Chronicle no later than September 30, 2006. A copy of the letter demanding such repayment is attached to the Counterclaim as Exhibit 3.

9. Notwithstanding his contractual obligation, Mr. Pulley has failed and refused to make payment.

## COUNT I
### Breach of Contract – Specific Performance

10. Paragraphs 1 through 9 are incorporated by reference as if set forth fully again.

11. On or about February 24, 2006, Pulley and the Chronicle entered into a contractual agreement whereby Pulley agreed to repay to the Chronicle all salary paid to him for the period from February 16, 2006 through February 28, 2006 in the event he revoked his execution of the Agreement.

12. The Chronicle paid Mr. Pulley the sum of $3,395.83 in reliance upon his promise to repay such sum in the event he revoked the Agreement.

13. On or about March 2, 2006, Pulley revoked his acceptance of the Agreement.

14. On or about September 14, 2006, the Chronicle demanded repayment of the sums paid to Pulley, and Pulley has refused to make such repayment.

15. By refusing to repay money he agreed to pay to the Chronicle pursuant to the Agreement, Pulley has materially breached his contractual obligations to the Chronicle.

16. As a result of Pulley's breach, the Chronicle has suffered damages in the loss of money paid to him in reliance upon his promise.

WHEREFORE, Counter-Plaintiff The Chronicle of Higher Education requests that the Court (i) enter judgment in its favor; (ii) grant the Chronicle specific performance of Pulley's obligations under the Agreement; and (iii) award the Chronicle its fees and costs associated in connection with the filing of this Counterclaim.

### COUNT II
### Promissory Estoppel

17. Paragraphs 1 through 16 are incorporated by reference as if set forth fully again.

18. On or about February 24, 2006, Pulley signed an Agreement with the Chronicle whereby he promised to repay salary paid to him in the event he revoked his execution of the Agreement.

19. In reliance upon Pulley's promise, the Chronicle paid to Pulley the sum of $3,395.83.

20. Thereafter, Pulley revoked his execution of the February 24, 2006 Agreement, and has subsequently refused to repay the Chronicle the sums paid to him in reliance upon his promise.

21. Injustice can be avoided only by enforcing Pulley's promise to repay to the Chronicle amounts paid to him in reliance upon his promise.

WHEREFORE, Counter-Plaintiff The Chronicle of Higher Education demands that the Court require that Pulley make immediate repayment to the Chronicle for the sum of $3,395.83, in accordance with his promise to make such payment, and aware the Chronicle its reasonable attorneys' fees and costs incurred in connection with the filing of this Counterclaim.

Respectfully submitted,

_____-s-_____
Eric Paltell
Bar No. 445285
Kollman & Saucier, P.A.
The Business Law Building
1823 York Road
Timonium, Maryland 21093
(410) 727-4300

Attorneys for Defendant
The Chronicle of Higher Education