# THE CHRONICLE
# OF HIGHER EDUCATION

1205 Twenty-Third Street, N.W. · Washington, D.C. 20037

February 23, 2006

Re: <u>Separation Offer</u>

Dear John,

This letter confirms our revised offer concerning your separation from The Chronicle of Higher Education ("The Chronicle"), to become effective immediately. This offer is to help you make a transition to new employment and is in recognition of your service and contributions to The Chronicle. Contingent upon your execution of the agreement below, we will provide you with the following severance package:

1. Your employment ended effective January 25, 2006.

2. As severance pay, the Chronicle will continue to pay you your current pay for 30 weeks, less withholding for taxes, until August 23, 2006. Twelve weeks of the severance payment is intended to compensate you for the maximum amount of short term disability benefits for which you would be eligible had you remained employed with the Chronicle. You will continue to receive paychecks, through direct deposit and with a copy sent to you at your current home address, during this period. In addition, we paid you for 10 days of accrued vacation in your February 15 paycheck.

3. Your health, dental, and vision insurance coverage continued through January 31, 2006. Thereafter, you may continue your health, dental, and vision insurance coverage for an additional 18 months under COBRA. The Chronicle has agreed that it will pay your COBRA premiums for health, dental, and vision insurance coverage for up to seven (7) months (February through August) should you elect to continue such coverage. You may also have certain conversion and/or continuation rights under the terms of our group life insurance policy, and these may be exercised by you, at your expense, after your last day of employment.

4. You will be entitled to receive a distribution of your vested account balance in the Profit-Sharing Plan or defer distribution until a later date, in accordance with the terms and conditions of the Plan.

5. Except as provided for above, you will be entitled to no other or further compensation, remuneration, payments or benefits of any kind; however, nothing in this paragraph is intended to divest you of any retirement benefit in which you currently have a vested right.

EX. 1

· · · · · · · · · · · · · · · · · · · · · · · · · · · E-mail: mail@chronicle.com

6. You agree to keep confidential any trade secret, business or proprietary information that you acquired during your employment. This is intended to cover any information of a nature not normally disclosed by the Chronicle to the general public. In addition, the terms and fact of this entire agreement regarding your separation will be kept confidential by both parties.

7. It is agreed that the Chronicle will communicate no adverse or derogatory information to anyone concerning you or your employment, and you, likewise, will communicate no such information concerning the Chronicle, to any persons, corporations or other entities.

8. You agree that you will not take any action intended to cause physical or business injury to the Chronicle, its property, or any of its employees. You further agree that in the event that the Chronicle, acting in good faith, determines that you have taken such action, or attempted to take such action, the Chronicle shall be released from any obligation to pay you remaining sums owed you under this Agreement. You further agree that the Chronicle shall be entitled to repayment of all sums already paid to you under this Agreement within 30 days of the date on which you receive written notice from the Chronicle of its demand for repayment of such sums.

10. In keeping with our mutual intent to allow for an amicable separation, and to resolve any and all outstanding issues relating to your employment, it is agreed that you hereby release the Chronicle, its directors, officers, employees, agents, and all related or affiliated persons or entities of and from any and all liability, claims, causes, demands, obligations, actions, contracts, promises, damages, and rights, which you have or may have arising out of your employment or separation, including any and all rights under federal, state or local laws pertaining to employment, including all employment discrimination laws, such as the Age Discrimination in Employment Act. It is further agreed that you will not sue The Chronicle or join in any lawsuit against The Chronicle, its officers, directors, employees, or agents, concerning any matter which arose on or before the date of this severance agreement. In the event you breach your obligations under this severance agreement, you agree that The Chronicle will be entitled to immediate repayment of all severance pay paid to you as part of this severance agreement, to the fullest extent permissible by law.

Please read the above carefully, and seek counsel from family members, friends, or attorneys if you believe it is appropriate. If you need clarification of any of the above provisions, please let me know.

By signing below, you acknowledge that you have had more than twenty-one days to consider our separation offer. You may revoke this Agreement at any time within seven days after it is signed by you. Any revocation must be in writing and delivered to me within eight days of signing this Agreement to be effective. Because of your right to revoke this Agreement, it shall not become effective until the eighth day after it has been signed. In the event you do revoke this Agreement, you shall be required to repay to the Chronicle the

compensation paid to you for the pay period covering February 16th through February 28th, 2006.

If our offer is acceptable, please sign below and return this letter or a copy to me. Your signature will confirm that you are entering into this agreement voluntarily and with a full understanding of all of the above terms. In addition, once signed, this letter will set forth the entire agreement between The Chronicle and you. It will supersede any previous agreements or discussions concerning your employment or the termination thereof. No changes in this agreement will be valid unless in writing and signed by both parties. Any need for interpretation or enforcement of this agreement will be in accordance with Delaware law.

In the event that you decline to sign this agreement and return it to me or the Chronicle outside labor counsel, Eric Paltell, on or before February 24th, the offer contained above will be deemed revoked.

Sincerely,

Philip W. Semas
Editor in Chief

AGREED AND ACCEPTED THIS 27 DAY OF February, 2006.

John Pulley
3813 S. 7th Street
Arlington, VA 22204

# Connolly Rodgers & Scharman, PLLC

5028 Wisconsin Ave, NW, Suite 300
Washington, DC 20016
202-537-6789 Tel   202-362-0640 Fax

Detroit, MI
313-962-8255

William J. Rodgers
Direct Line: 202-537-6711
wrodgers@connollyrodgerslaw.com

## FACSIMILE TRANSMITTAL COVER PAGE

| | |
|---|---|
| Date of Transmittal: | February 24, 2006 |
| Transmitted By: | J. Kircher |

| | | | |
|---|---|---|---|
| TO: | Eric Paltell | Fax Number: | 410-727-4391 |
| | | Telephone Number: | 4190-727-4300 |
| COMPANY: | Kollman & Saucier PA | | |
| FROM: | William J. Rodgers | Telephone Number | 537-6789 |

| | |
|---|---|
| MESSAGE: | Re John Pulley |

Attached is Mr. Pulley's execution of the Chronicle's Separation Offer of February 23, 2006.

Number of Pages Plus Cover Page ___4___

This electronic message contains information from the law firm of Connolly Rodgers Scharman and is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination or distribution of this communication to other than the intended recipient is strictly prohibited. If you have received this communication in error, please destroy this facsimile and notify us immediately by collect telephone at 202-537-6789 or by email at jkircher@connollyrodgerslaw.com. Thank you.