IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN L. PULLEY ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:06 CV 01416 |
| v. ) | |
| ) | Judge: Rosemary M. Collyer |
| THE CHRONICLE OF HIGHER EDUCATION ) | |
| ) | |
| Defendant. ) | |

**JOINT REPORT UNDER RULE 26(f)**

In accordance with Fed.R.Civ.P. 26(f), L.Civ.R. 16(d), and this Court's September 15, 2006 Scheduling Order, plaintiff John L. Pulley and defendant The Chronicle of Higher Education submit the following joint report.

**STATEMENT OF THE CASE**

Plaintiff John L. Pulley was terminated by defendant The Chronicle of Higher Education ("Chronicle") on January 26, 2006 after nearly seven years' employment. Pulley contends that the discharge decision was motivated by illegal considerations, including a desire to deny him benefits under an employee benefit plan and a purpose to interfere with his statutory rights to reasonable accommodation of a known disability and/or time off to deal with a serious health condition. He seeks relief under both federal law, including § 510 of ERISA, 29 U.S.C. § 1140, and the Family and Medical Leave Act, 29 U.S.C. § 2615(a)(1), and the law of the District of Columbia, including its Family and Medical Leave Act, D.C. Code § 32.507, and its Human Rights Act, D.C. Code § 2-1402.61.

The Chronicle generally contends that Pulley was discharged for legitimate, nondiscriminatory reasons. The Chronicle also contends that Pulley's failure to exhaust his administrative remedies forecloses judicial relief under ERISA. Plaintiff argues that the exhaustion requirement does not apply to retaliation claims under § 510 of ERISA.

**TOPICS LISTED IN L. CIV. R. 16.3(c)**

1. A determination of whether or not the case may be disposed of by motion for summary judgment will have to await the close of discovery. Plaintiff, however, does not anticipate filing a dispositive motion.

2. The parties propose a deadline of December 29, 2006 for the joinder of additional parties and the amendment of pleadings. The parties cannot now determine whether they can agree upon or narrow the legal and factual issues. However, they anticipate that as discovery proceeds, they will at least be able to narrow the issues.

3. The parties agree that the case should not be referred to a magistrate judge.

4. Before suit was filed, the parties attempted for several months to negotiate a resolution of their dispute. Obviously, negotiations failed, but the parties were not very far apart. Positions have not yet hardened and settlement remains a realistic prospect at some point in the litigation.

5. Undersigned counsel have discussed ADR with their clients, who have expressed a willingness to participate. The parties believe that ADR would be most productive after an exchange of documents and the deposition of a few key witnesses. Neither party believes that early neutral evaluation would be helpful.

6. As indicated previously, plaintiff does not anticipate filing a summary judgment motion and defendant reserves decision on a dispositive motion pending discovery. The parties

suggest that discovery close on February 28, 2007 and that dispositive motions, if any, be filed on or before March 30, 2007. Oppositions to summary judgment motions may be filed on or before April 30, 2007 with reply briefs due on or before May 15, 2007.

7.  The parties agree to dispense with the initial disclosures required by Rule 26(a)(1).

8.  As indicated, the parties propose a discovery cutoff of February 28, 2007. The parties also propose limiting interrogatories to 25 in number and depositions to a total of thirty-five (35) hours with no more than seven (7) hours per witness. Finally, the parties agree that a protective order would be appropriate for personnel files, proprietary information and medical records.

9.  The parties do not now perceive a need to modify the rules governing the exchange of expert witness reports and information under Rule 26(a)(2). The parties agree to designate experts, if any, and submit their reports, on or before February 13, 2007 and to complete the depositions of expert witnesses by the close of discovery on February 28, 2007.

10. Not applicable.

11. Neither party believes that the trial and/or discovery should be bifurcated or managed in phases.

12. The parties propose that a final pretrial conference take place on May 22, 2007.

13. The parties prefer that a trial date be set at the final pretrial conference on a mutually convenient date.

14.     The parties do not have other matters to be included in a scheduling order.

Respectfully submitted,

**CONNOLLY, RODGERS & SCHARMAN, LLC**


By _____
William J. Rodgers
5028 Wisconsin Avenue, N.W.
Suite 300
Washington, DC  20016
(202) 537-6789

**LAW OFFICES OF STEVEN C. KAHN**


By _____/s/_____
Steven C. Kahn
5028 Wisconsin Avenue, N.W.
Suite 300
Washington, DC  20016
(202) 537-6789

Attorneys for Plaintiff
John L. Pulley

**KOLLMAN & SAUCIER, P.A.**


By _____
Eric Paltell
1823 York Road
Timonium, MD  21093
(410) 727-4300

Attorneys for Defendant
The Chronicle of Higher Education

Dated:  October 2, 2006