IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN L. PULLEY )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE CHRONICLE OF HIGHER EDUCATION )<br>)<br>Defendant. )<br>) | Case No. 1:06 CV 01416<br><br>Judge: Rosemary M. Collyer |

### PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIMS

Plaintiff John L. Pulley hereby answers Defendant's Counterclaims:

1. Paragraph 1 states the basis of this Court's jurisdiction and, accordingly, no response by Plaintiff is required.

2. Plaintiff acknowledges that Defendant, The Chronicle of Higher Education ("Chronicle"), terminated his employment on approximately January 25, 2006. Plaintiff denies the remaining allegations of ¶ 2.

3. Plaintiff acknowledges that the parties conducted settlement discussions in February, 2006, which culminated in an offer letter, attached as Exhibit 1 to the Chronicle's Amended Answer And Counterclaims ("Counterclaim"). In further response to ¶ 3, Plaintiff states that the settlement proposal speaks for itself.

4. Plaintiff acknowledges his signature on the February 23, 2006 settlement letter, which is attached to the Counterclaim as Exhibit 1.

5. In response to ¶ 5, Plaintiff states that the settlement letter (Counterclaim, Exhibit 1) speaks for itself.

6. Plaintiff acknowledges receipt of $3,395.83 following the Chronicle's termination of his employment, but otherwise denies the allegations of ¶ 6.

7. In response to ¶ 7, Plaintiff states that his March 2, 2006 letter (Counterclaim, Exhibit 2) speaks for itself.

8. Plaintiff states that the September 14, 2006 letter to which the Chronicle refers in ¶ 8 speaks for itself.

9. Plaintiff acknowledges that he did not pay the $3,395.83 demanded by the Chronicle, but denies that he was under a contractual (or quasi-contractual) obligation to do so.

10. Plaintiff restates and incorporates by reference his answers to ¶¶ 1-9 of the Counterclaim.

11. Plaintiff denies the allegations of ¶ 11.

12. Plaintiff is without information to deny or admit allegations regarding the Chronicle's asserted motivation in paying the disputed moneys ($3,395.83).

13. Plaintiff admits the allegations of ¶ 13.

14. Plaintiff admits the allegations of ¶ 14.

15. Plaintiff denies the allegations of ¶ 15.

16. Plaintiff denies the allegations of ¶ 16.

17. Plaintiff restates and incorporates by reference his answers to ¶¶ 1-16 of the Counterclaim.

18. Plaintiff states that the letter to which the Chronicle refers in ¶ 18 speaks for itself.

19. Plaintiff is without information to deny or admit allegations regarding the Chronicle's asserted motivation in paying the disputed moneys ($3,395.83).

20. Plaintiff acknowledges his failure to pay the disputed moneys, and the rescission of his acceptance of the February settlement offer, but is without information to deny or admit the remaining allegations of ¶ 20.

21. Plaintiff denies the allegations of ¶ 21.

Allegations not specifically admitted are hereby denied.

## AFFIRMATIVE DEFENSES

1. Defendant's Counterclaim fails to state a claim upon which relief can be granted.

2. As a matter of law, Plaintiff's March 2, 2006 revocation of his acceptance of the February settlement offer rendered the offer null and void nunc pro tunc. Accordingly, the letter on which Defendant relies cannot be a source of the parties' rights and obligations.

3. The Chronicle's asserted reliance upon Plaintiff's alleged promises in the February settlement offer was neither reasonable nor justifiable.

**WHEREFORE**, Plaintiff John L. Pulley requests that Defendant's Counterclaim be dismissed with prejudice and that he be granted other appropriate relief.

Respectfully submitted,

**CONNOLLY, RODGERS & SCHARMAN, LLC**

By _____
   William J. Rodgers
   5028 Wisconsin Avenue, N.W.
   Suite 300
   Washington, DC  20016
   (202) 537-6789

**LAW OFFICES OF STEVEN C. KAHN**

By _____/s/_____
   Steven C. Kahn
   5028 Wisconsin Avenue, N.W.
   Suite 300
   Washington, DC  20016
   (202) 537-6789

   Attorneys for Plaintiff
   John L. Pulley

Dated:  October 4, 2006