# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHN L. PULLEY, | * | |
| Plaintiff, | * | |
| v. | * | Case No. 1:06cv01416 |
| THE CHRONICLE OF HIGHER EDUCATION, | * | Judge: Rosemary M. Collyer |
| | * | |
| Defendant. | | |
| | * | |

\* \* \* \* \* \* \* \* \*

## REVISED STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIALS

Plaintiff John L. Pulley and Defendant The Chronicle of Higher Education ("Chronicle"), by their undersigned counsel, hereby agree and stipulate as follows:

WHEREAS, Plaintiff and Defendant in the above-entitled action will engage in discovery in connection with this lawsuit; and

WHEREAS, said discovery will involve the disclosure of certain information of a confidential, proprietary, personal or secret nature; and

WHEREAS, the parties wish to enter into a Stipulation pursuant to which the Court may enter a Protective Order pursuant to Federal Rule of Civil Procedure 26 to maintain the confidentiality of any such confidential, proprietary, personal or secret documents or information;

THEREFORE, to effectuate this intent, the parties, through their undersigned counsel, hereby stipulate and agree that upon execution of this Stipulation, without further proceedings, the Court may enter a Protective Order with the following terms:

1.      **Designation of Discovery Materials as Confidential.**  All documents produced in the course of discovery, all answers to interrogatories, all answers to requests for admission, all responses to requests for production of documents, and all deposition testimony and deposition exhibits shall be subject to this Order concerning confidential information, as set forth below:

(a) The designation of confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL."  For purposes of this Order, material shall be deemed confidential only if it contains medical information, personnel information concerning Defendant's current or former employees, or proprietary business information which is not generally known to persons outside of Defendant's employ.  One who provides material may designate it as confidential only when such person in good faith believes it contains confidential information, as defined above.  The designation of confidential information shall be made prior to, or contemporaneously with, the production or disclosure of that information.

(b)  Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed confidential only if they are designated as such when the deposition is taken or within fifteen business days after receipt of the transcript.  Any testimony which describes a document which has been designated as "CONFIDENTIAL," as described above, or which describes the subject of such a document, shall also be deemed to be designated as "CONFIDENTIAL."

(c)  Information or documents designated as confidential under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph (d) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).

(d)  The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as confidential under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(i)  Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit.  Any such employee to whom counsel for the parties makes a

disclosure shall be provided with a copy of, and become subject to, the provisions of this order requiring that the documents and information be held in confidence.

(ii) Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed.

(iii) Disclosure may be made to court reporters engaged in depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order.

(iv) Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

(e) Except as provided in subparagraph (d) above, counsel for the parties shall keep all documents designated as confidential which are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

(f)  All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Order or any portion thereof, shall be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

2. **Confidential Information Filed with Court.**  To the extent that any materials subject to this Confidentiality Order (or any pleading, motion or memorandum referring to them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court in an envelope marked "CONFIDENTIAL - SEALED PURSUANT TO ORDER OF COURT."  Even if the filing party believes that the materials subject to the Confidentiality Order are not properly classified as confidential, the filing party shall file the materials as marked above; provided, however, that this filing shall be wholly without prejudice to the filing party's rights under paragraph 4 of this Confidentiality Order.

3. **Party Seeking Greater Protection Must Obtain Further Order.**  No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by paragraph 1 of this Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Federal Rule of Civil Procedure 26.

**4.     Challenging Designation of Confidentiality.** If a party at any time wishes to have the designation of any document changed or to have the confidential designation of any document removed, the parties shall attempt first to resolve the dispute themselves. If the parties are unable to do so, then the receiving party may file a motion with the Court for an order changing or removing the designation. If such a motion is filed, the information and documents shall be kept confidential pending ruling on the motion. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality.

**5.     Return of Confidential Information at Conclusion of Litigation.** At the conclusion of the litigation, all materials treated as confidential under this Order and not received in evidence shall be returned to the originating party. If the parties so stipulate, the material may be destroyed instead of being returned. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

Respectfully submitted,

| | |
|---|---|
| ___-s-_____ | ___-s-_____ |
| Steven C. Kahn | Eric Paltell |
| Law Offices of Steven C. Kahn | Bar No. 445285 |
| 5028 Wisconsin Avenue, N.W. | Kollman & Saucier, P.A. |
| Suite 300 | The Business Law Building |
| Washington, D.C. 20016 | 1823 York Road |
| (202) 537-6789 | Timonium, Maryland 21093 |
| | (410) 727-4300 |
| | |
| Attorneys for Plaintiff | Attorneys for Defendant |
| John L. Pulley | The Chronicle of Higher Education |

IT IS SO ORDERED:

Date: _____

                              _____
                              JUDGE, United States District Court
                              for the District of Columbia